## Cotter Estate

*Calvin S. Drayer, Jr.*, for accountants.

*Charles B. P. Van Pelt*, for Church of the Redeemer.

*Charles E. Donohue*, for Commonwealth as parens patriae.

ADJUDICATION BY TAXIS, J., MAY 26, 1981:

*** At the call of the audit list on April 6, 1981, this matter was continued for argument on May 11, 1981, on the issue whether the charity, Church of the Redeemer, should bear a portion of the transfer inheritance tax.

Decedent died on May 7, 1979, leaving will dated 1975. Initially, the register of wills denied probate because of interlineations made by the testatrix to the dispositive provisions of the will. By decree of this court dated January 17, 1980, the court granted probate based upon an agreement among the parties that the residue should be divided as follows: one-fifth each to Frances Alexander, Jack Schwartz, Ray Frederick, and The Church of the Redeemer and one-tenth each to Dorothy Levy and Adrian Feckler. With respect to the allocation of taxes, decedent provided under paragraph sixth as follows:

> All estate, inheritance, succession and other death taxes imposed or payable by reason of my death and interests and penalties thereon, if any, with respect to all property comprising my gross estate for death tax purposes, whether or not such property passes under this will, shall be paid out of the principal of my general estate *as if such taxes were administration expenses, without apportionment or right of reimbursement.* (Emphasis supplied).

In light of the above-quoted language, accountants take the position that the charity should be charged with a share of the transfer inheritance tax under §718(c) of the Inheritance and Estate Tax Act of 1961. Accountants argue that since all administration expenses would be charged to the residuary estate prior to determining the share of the charity and since the decedent directs the accountants to pay the taxes "as if such taxes were administration expenses", therefore the transfer inheritance tax must be applied against residuary estate before its division into shares. The result is that each residuary beneficiary bears a portion of the tax.

The charity and the Commonwealth maintain to the contrary that the charity's share should be paid free from transfer inheritance tax, noting in particular §302 of the Inheritance and Estate Tax Act of 1961 which provides that transfers of property to charities are exempt from tax. The charity concludes that the will creates an ambiguity as to the testatrix's intention, which ambiguity permeates the tax clause, and, therefore, the statutory scheme must be applied.

Section 718(c) of the Inheritance and Estate Tax Act of 1961 directs that the source of payment of tax shall be as follows:

> (c) *Other Transfers* — In the absence of a contrary intent appearing in the will or other instrument of transfer and except as provided in subsections (a) and (b) of this section, the ultimate liability for inheritance tax imposed by this Act shall be upon each transferee.

By §302, charities are exempted from transfer inheritance tax.

In examining the tax clause of this will, we must begin with the presumption as set forth by the Supreme Court in *Erieg Est.*, 429 Pa. 550, 556, as follows:

> We must begin with the proposition that the several applicable statutes create "a presumption that a testator intends that proration should be made in accordance with . . . [the statutory] terms, unless his will contains a specific provision, clearly expressed, inconsistent with such presumption, and, to accomplish that result, his language must not be of doubtful import." (Citations omitted).

The tax clause in *Erieg Est.* was as follows:

> All taxes and interest and penalties thereon payable by reason of my death with respect to property comprising my gross taxable estate, whether or not passing under this will, shall be paid from my residuary estate.

The Supreme Court found that the above language did not overcome the presumption that the statutory scheme of pro-ration of taxes was to be followed. The Supreme Court distinguished this clause from *North Est.*, 50 D.&C. 703 noting that the "pay tax" clause in *North* more specifically stated that the estate taxes were to be paid "out of the corpus or principal of my residuary estate." In *Audenreid Est.*, 376 Pa. 31, the Supreme Court found that the tax clause directing that taxes on all legacies should be paid from the "residuary estate and be charged to the principal thereof" overcame the statutory presumption.

Decedent provides instruction for the treatment of inheritance tax, namely, that the taxes should be treated as administration expenses. Costs of administration are borne by the residue, without apportionment.

The court therefore finds that the decedent intended that the transfer inheritance tax shall be paid from the residue of the estate before the division into shares. ***